J-S29021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES ARTHUR | : | |
| CHRISTOPHERSON | : | |
| | : | |
| Appellant | | No. 425 MDA 2023 |

Appeal from the PCRA Order Entered February 15, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000038-2021

BEFORE: MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:  **FILED: FEBRUARY 20, 2024**

Charles Arthur Christopherson, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his first petition brought under the Post Conviction Relief Act.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with two counts each of aggravated assault, simple assault, and recklessly endangering another person ("REAP"), and one count of possessing a firearm prohibited.  On September 30, 2021, Appellant entered an open guilty plea to the counts of simple assault, REAP and possessing a firearm prohibited.  The Commonwealth agreed to *nolle*

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

*prosse* the two charges of aggravated assault. The trial court sentenced Appellant to an aggregate term of five to ten years' incarceration on December 1, 2021. Appellant did not seek direct review in this Court.

On September 26, 2022, Appellant filed a timely *pro se* PCRA petition, alleging that plea counsel provided ineffective assistance of counsel. The PCRA court appointed counsel. On December 12, 2022, PCRA counsel filed a **Turner/Finley** "no-merit" letter and a motion to withdraw as counsel.[2] The court granted PCRA counsel's motion to withdraw and filed a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing on January 5, 2023. On January 9, 2023, Appellant filed an amended *pro se* PCRA petition, largely asserting the same claims he asserted in his initial PCRA petition. The court dismissed Appellant's amended PCRA petition on February 15, 2023. Appellant filed a timely notice of appeal on March 15, 2023. On March 17, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on March 20, 2023.

Appellant raises the following issues for our review:

> Whether prior [plea] counsel was ineffective for failing to suppress evidence and for failing to mitigate the circumstances in the matter?
>
> Whether prior [plea] counsel was ineffective for coercing Appellant into taking a guilty plea that was involuntary and the trial court should have denied taking the plea?

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> Whether the [PCRA] court denied Appellant's constitutional rights to effective counsel?

(Appellant's Brief at 3).

In his issues combined, Appellant argues that plea counsel failed to investigate and find grounds to file a motion to suppress all evidence. Specifically, Appellant asserts that plea counsel failed to file a motion to suppress video evidence that did not contain a time and date stamp. Appellant further avers that plea counsel "coerced [Appellant] into taking an involuntary guilty plea while Appellant was detoxing from alcohol and was not in a competent state of mind." (*Id.* at 7). Appellant concludes that the PCRA court erred in concluding that plea counsel provided effective assistance of counsel, and this Court should vacate the order dismissing his PCRA petition.[3] We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74

---

[3] Appellant does not allege that the PCRA court erred in granting PCRA counsel's motion to withdraw or that PCRA counsel provided ineffective assistance.

(2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.*

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that

his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa.Super. 2004) (quoting *Commonwealth v. Payson*, 723 A.2d 695, 700 (Pa.Super. 1999)).

Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* Further, to establish prejudice based on counsel's ineffectiveness in connection with a guilty plea, the petitioner must show there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013).

"[W]here a defendant alleges that counsel ineffectively failed to pursue

a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa.Super. 2018). "The prejudice inquiry still requires the defendant to establish that he would have filed the motion and proceeded to trial instead of accepting the plea, not simply that he would have filed the motion." ***Id.*** Additionally, "a defendant need not be apprised of every possible suppression motion as a predicate to a finding that the plea was voluntary, because the decision to seek suppression is left to counsel as a matter of strategy in the event a plea bargain is not reached." ***Id.***

Instantly, Appellant has failed to explain the content or relevance of the video that he alleges plea counsel should have sought to suppress. Further, Appellant fails to argue why the video, or any other evidence, was objectionable such that a motion to suppress would have been successful. ***See id.*** Additionally, the record demonstrates that Appellant was fully aware of his right to challenge the Commonwealth's evidence and voluntarily and knowingly elected to waive that right and plead guilty to the charges against him. ***See Moser, supra***; ***Houtz, supra***; ***Fluharty, supra***. Appellant executed a written guilty plea colloquy affirming that his decision to plead guilty was knowing, intelligent, and voluntary. In the written plea colloquy, Appellant expressly acknowledged that he was giving up the right to be heard on any suppression motions that may have been filed in his case by pleading

guilty. At his plea hearing, Appellant confirmed that he discussed all the rights listed in the written plea colloquy with his attorney and authorized his attorney to sign the plea colloquy on his behalf. On this record, Appellant cannot succeed on his ineffectiveness claim based on plea counsel's failure to file a suppression motion. **See Turetsky, supra**.

Regarding Appellant's claim that plea counsel coerced him into entering a guilty plea based on his allegedly impaired state, Appellant did not include this claim in his initial or amended PCRA petition. As such, Appellant has waived this claim. **See** Pa.R.A.P. 302(a) (stating: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal"). Even if Appellant had preserved the issue, the record belies Appellant's claim. Appellant asserts that plea counsel coerced him into pleading guilty because he was not in a competent state of mind due to detoxing from alcohol abuse. Nevertheless, Appellant affirmed in his written plea colloquy that he was not under the influence of alcohol and that he was not taking medication or receiving treatment for any mental illness that hindered his ability to understand the plea. Appellant further affirmed that he had not been threatened or forced to plead guilty and was entering the plea by his own free will. Appellant is bound by his statements. **See Pollard, supra**. Thus, Appellant's claim that plea counsel coerced his plea is waived and otherwise without merit. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/20/2024